**UNITED STATES, Plaintiff,**

v.

**Gus ALEX and Nicholas Gio, Defendants.**

**No. 91 CR 727.**

United States District Court, N.D. Illinois, E.D.

April 29, 1992.

See also 790 F.Supp. 798, —— F.Supp. ——, 788 F.Supp. 359.

Chris C. Gair, Mark J. Vogel, U.S. Atty.'s Office, Chicago, Ill., for plaintiff.

Martin S. Agran, Agran & Agran, Chicago, Ill., for M. Rainone.

Carl M. Walsh, Sam Adam, Chicago, Ill., for G. Alex.

David S. Mejia, Oak Park, Ill., for L. Patrick.

Kenneth H. Hanson, Chicago, Ill., for N. Gio.

## ORDER

ALESIA, District Judge.

Now before the court is the government's notice of intention to introduce "other acts" evidence against defendants Gus Alex ("Alex") and Nicholas Gio ("Gio") pursuant to Rule 404(b) of the Federal Rules of Evidence. The government's proffered "other acts" evidence is admissible against Gio pursuant to Rule 404(b). On the other hand, the government's proferred "other acts" evidence against Alex is not admissible pursuant to Rule 404(b). However, the court reserves ruling on the admissibility of "other acts" evidence against Alex under the "inextricably intertwined" standard established by the Seventh Circuit until trial.

■ Rule 404(b) excludes evidence of other crimes, wrongs or acts, "to prove the character of a person in order to show action in conformity therewith." FED. R.EVID. 404(b). However, evidence of other wrongs or acts is admissible to prove things such as identity, motive, intent, preparation, plan or knowledge. FED. R.EVID. 404(b). This circuit has established a four-part test to analyze the admissibility of "other acts" evidence under Rules 404(b) and 403. Other crimes evidence may be admitted where the following is established:

(1) the proffered evidence must be relevant to a matter in issue other than the defendant's propensity to commit the charged crime; (2) the prior bad act must be similar in nature and close in time to the crime charged; (3) the prosecution must establish that the defendant in fact committed the prior bad act; (4) [and] the probative value of the evidence must not be outweighed by its prejudicial effect.

*United States v. Goodapple,* 958 F.2d 1402, 1406–07 (7th Cir.1992); *see also United States v. Scop,* 940 F.2d 1004, 1009 (7th Cir.1991); *United States v. Briscoe,* 896 F.2d 1476, 1499 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). "The fourth prong of the test covers Rule 403, which provides for exclusion of relevant evidence on grounds of prejudice, confusion or waste of time." *United States v. Goodapple,* 958 F.2d at 1407. Against this legal background, we now separately address the admissibility of the government's "other acts" evidence against each defendant.

### I. *Defendant Gio*

■ Counts One and Two of the superseding indictment charge Gio with RICO conspiracy and racketeering activity. Specifically, the indictment charges that Gio, in connection with his activities on behalf of the Lenny Patrick Street Crew, attempted to commit arson and intimidated the owners of the Lake Theater in Oak Park, Illinois. *See* Count One, pars. 29–31; Count Two, racketeering act eight. According to the indictment, in approximately 1988, Mario Rainone ("Rainone") directed James LaValley ("LaValley") to start a fire at the Lake Theater. To further this objective, the indictment charges that LaValley directed Gio to assist in the arson. LaValley will testify that he and Gio used the incendiary device provided by Rainone.

In the case at bar, the government seeks to introduce evidence that Gio participated in a similar arson scheme with LaValley in Spring Prairie, Wisconsin (the "Spring Prairie arson") approximately one or two months before the Lake Theater incident. The government will offer the testimony of LaValley, an unindicted co-conspirator, to establish that Gio did participate in the

Spring Prairie arson. The government argues that evidence relating to the Spring Prairie arson is admissible under Rule 404(b) because it establishes identity, knowledge, *modus operandi*, Gio's relationship with LaValley, and a common scheme or plan. We have carefully reviewed the government's Rule 404(b) proffer, and are satisfied that the requisite elements for admissibility have been established.

Clearly, LaValley's testimony will specifically establish Gio's identity, as well as, knowledge, plan and method of operation. In addition, LaValley's testimony will demonstrate the working relationship between Gio and LaValley. *See United States v. Scop*, 940 F.2d at 1009; *United States v. Alamo*, 872 F.2d 202, 207 (7th Cir.1989).

Furthermore, the government asserts that LaValley's testimony will show that Gio engaged in a similar arson scheme within weeks of the Lake Theater incident charged in the indictment. We find that this testimony is sufficient to support a finding that Gio committed similar acts. Moreover, we are convinced that these acts occurred close enough in time to be admissible under Rule 404(b).

Finally, the evidence is highly probative because it reveals a pattern of past dealings between LaValley and Gio which involve the same type of activities as charged in the indictment. Based on our review of the government's 404(b) proffer, the tendered evidence concerns similar acts and is not unduly prejudicial or inflammatory. Therefore, the government's proferred evidence, which demonstrates Gio's involvement in the Spring Prairie arson, is admissible under Rule 404(b) of the Federal Rules of Evidence.

## II. *Defendant Alex*

The government seeks to introduce the testimony of Leonard Patrick ("Patrick") who will describe the nature of the relationship between himself and Alex during the past thirty-five years. Specifically, Patrick's testimony will reveal that over a course of decades he reported to Alex, obtained Alex's approval for criminal activities and engaged in numerous criminal ventures with him. The government proffered this evidence under two theories.

First, the government argues that the uncharged transactions are inextricably intertwined with the charged offense in the indictment, and that the evidence concerning Alex and Patrick's relationship and prior dealings is essential to complete the background and development of the charged offense. (Government's Brief, pp. 3–6.) *See United States v. Goodapple*, 958 F.2d at 1406; *United States v. Scop*, 940 F.2d at 1008; *United States v. Roberts*, 933 F.2d 517, 520 (7th Cir.1991).

■ In this court's view, the government's request to introduce Patrick's "other acts" testimony under this "inextricably intertwined" standard is premature. Generally speaking, rulings on the admissibility of evidence are properly deferred until trial. This is appropriate as questions of foundation, relevancy, and potential prejudice may then be examined and resolved in proper context.

■ After careful consideration, the court reserves ruling on this "other acts" evidence until trial when we will be in a better position to evaluate the proffered evidence in context. In this vein, we caution the government that before Patrick's testimony regarding this "other acts" evidence may be admitted it must make an offer of proof outside the presence of the jury demonstrating that the uncharged transactions are "inextricably intertwined" with the RICO conspiracy and attempted extortion offenses charged in the indictment and are close in time to the charged offenses.

■ Alternatively, the government argues that evidence concerning the history and prior dealings between Alex and Patrick is admissible under Rule 404(b). We find that the government's proffer of "other acts" evidence against Alex wholly fails to satisfy the second and fourth prongs of the four-part test established by this circuit. *Goodapple*, 958 F.2d at 1406–07. Specifically, the prior "bad acts" are not close in time to the incidents charged in the

**804**

superseding indictment. The court believes that conduct which may have occurred thirty-five years ago is simply too remote in time to the conduct charged in the indictment.

By the same token, the probative value of Patrick's testimony is substantially outweighed by the danger of unfair prejudice. In our view, there is a strong possibility that Patrick's testimony regarding his relationship with Alex over the past thirty-five years in which he testifies to numerous *unindicted* criminal ventures he engaged in with Alex will be misused by the jury. We are also concerned that much of this unindicted conduct bears no relation to the offenses charged in the indictment. While Patrick may testify about how long he has known Alex, he may not testify about other "bad acts" Alex may have committed which occurred which do not satisfy the four-part test established in this circuit. Accordingly, the government's proffered "other acts" evidence is not admissible under Rules 403 and 404(b) against Alex.

### Conclusion

For the foregoing reasons, the government's proffered "other acts" evidence is not admissible against Alex under Federal Rule of Evidence 404(b). In addition, the court reserves ruling on the admissibility of "other acts" evidence against Alex under the "inextricably intertwined" standard established by the Seventh Circuit until trial. Finally, the government's proffered "other acts" evidence regarding the Spring Prairie arson is admissible against Gio under Federal Rule of Evidence 404(b).