**UNITED STATES of America, Plaintiff,**

v.

**Christopher Richard MESSINO, et al., Defendants.**

**93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 5, 1995.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, E E Edwards, III, Edwards & Simmons, Nashville, TN, Douglas P. Roller, Atty.; Linda Amdur; Robert A. Loeb; Edward Marvin Genson, Genson, Steinback & Gillespie; Donna Ann Hickstein–Foley, Athas, Foley, Kowal & Bridge; Thomas Michael Breen, Martin, Breen & Merrick; Gerardo Solon Gutierrez, Chicago, IL, John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, Robert Lee Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, Joseph R. Lopez; Louis M. Galvin, Dennis P.W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C.; Edna Selan Epstein, Law Offices of Edna Selan Epstein; Leland Edward Shalgos; and Steven Allen Greenberg, Steven A. Greenberg, Ltd., Chicago, IL, for defendants.

L. Felipe Sanchez, U.S. Attorney's Office, Chicago, IL, for the U.S.

*MEMORANDUM OPINION
AND ORDER*

ALESIA, District Judge.

Before the court are (1) the Government's Supplemental *Santiago* Proffer on the Superseding Indictment ("Supplemental Proffer"), *see United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978), as well as various motions related to *Santiago* issues, or arising out of evidence discussed in the Supplemental Proffer; and (2) the Government's Notice and Motion *in Limine* to Admit Certain Evidence of the Charged Conspiracy, as well as various cross-motions filed by defendants in response to the government's notice and motion.

**I. *DEFENDANT DANIEL C. SHOEMAKER'S MOTION TO RECONSIDER ORDER ON ORIGINAL SANTIAGO PROFFER***

Defendant Daniel C. Shoemaker has filed a motion to reconsider the court's previous ruling on the government's original *Santiago* proffer. The court's original *Santiago* ruling is published at 855 F.Supp. 973 (N.D.Ill. 1994). Defendant has one argument why the court's original ruling was erroneous: "All of the allegations contained in the *Santiago* proffer concern themselves with *wrongdoing,* but do not in any way demonstrate goods or

action that Daniel Shoemaker *agreed* to become a member of the conspiracy, much less was a member of the conspiracy." (Defendant's Motion to Reconsider at 2.)

■ Shoemaker's argument fails for two reasons. First, evidence of an explicit agreement need not be the basis for the government's conspiracy case against Shoemaker. *See United States v. Liefer*, 778 F.2d 1236, 1247 n. 9 (7th Cir.1985). "It is enough that the government present[ ] evidence that, if believed, prove[s] that [defendant] knew of the conspiracy's general scope and sought the common end." *Id.* Second, although the evidentiary burden to link a defendant to a conspiracy is substantial evidence, *United States v. Martinez de Ortiz*, 907 F.2d 629, 635–36 (7th Cir.1990), *cert. denied*, 498 U.S. 1029, 111 S.Ct. 684, 112 L.Ed.2d 676 (1991), "because circumstantial evidence can be the sole support for a conspiracy conviction, the government is not required to present direct evidence that a defendant joined the conspiracy," *United States v. Pazos*, 993 F.2d 136, 139 (7th Cir.1993) (citing *United States v. Gutierrez*, 978 F.2d 1463, 1469 (7th Cir. 1992)); *see also United States v. Kellum*, 42 F.3d 1087, 1090–91 (7th Cir.1994). Looked upon in light of the obligations of the government, it is clear even from defendant's catalogue of the proffer as it pertains to him (*see* Defendant's Motion to Reconsider at 1–2), that the court's original ruling was not in error.

Nothing in defendant's motion alters the court's original careful consideration of the government's first *Santiago* proffer as it pertains to defendant Shoemaker. Accordingly, Defendant Daniel C. Shoemaker's Motion to Reconsider is denied.

## II. *DEFENDANT DANIEL C. SHOEMAKER'S MOTION TO RECONSIDER THIS COURT'S RULING DENYING A PRE–TRIAL REQUEST FOR A BILL OF PARTICULARS, ALTERNATIVELY MOTION TO DISMISS THE INDICTMENT BASED UPON MISJOINDER*

Defendant Shoemaker also moves for reconsideration of the court's denial of his mo-

tion for a bill of particulars, or alternatively for dismissal based on misjoinder. Defendant presents nothing that was not considered during the court's original analysis of whether it would order a bill of particulars regarding said defendant. *United States v. Messino*, 855 F.Supp. 955, 961–63 (N.D.Ill. 1994).

The court's analysis regarding the *Santiago* proffer and motion for bill of particulars as regards defendant Shoemaker applies to Shoemaker's misjoinder argument. Likewise, the court refers to its disposition of Shoemaker's codefendants' Motions for Severance on the issue of misjoinder as well. *Id.* at 969–70.

Accordingly, Defendant Daniel C. Shoemaker's Motion to Reconsider this Court's Ruling Denying a Pre-trial Request for a Bill of Particulars, Alternatively Motion to Dismiss the Indictment Based upon Misjoinder is denied.[1]

## III. *GENERAL CONSIDERATION OF GOVERNMENT'S SUPPLEMENTAL SANTIAGO PROFFER*

■ The government previously submitted a pretrial written proffer of evidence pursuant to *United States v. Santiago*. After considering that proffer the court ruled that, based upon that filing, "it is more likely than not that a conspiracy existed, that defendants participated in the conspiracy, and that statements were made 'during the course of and in furtherance of' the conspiracy." *United States v. Messino*, 855 F.Supp. 973, 978 (N.D.Ill.1994). The court exercised the option of conditionally admitting the coconspirator declarations subject to proof of those matters at trial. *Id.* (citing *Santiago*, 582 F.2d at 1131; *United States v. Cox*, 923 F.2d 519, 526 (7th Cir.1991)). Nothing in the government's Supplemental Proffer alters that basic analysis of the *Santiago* issues.

What the Supplemental Proffer seeks to accomplish is introduction of certain state-

---

1. Defendant Shoemaker filed another motion for severance, considered below with those motions of his codefendants that are based on similar principles.

ments allegedly made by Clement Messino to Joseph Granata. Having resolved the fundamental *Santiago* issues in the government's favor, it only remains to determine whether, as a preliminary matter, the proffered statements were in furtherance of the conspiracy. Looking at the substance of the conversations, it is more probable than not that they fit into that category of evidence. The statements either constituted explicit attempts to arrange for narcotics distribution or violent threats in an attempt to ensure the operation's safety from the law.

Accordingly, the government's Supplemental Proffer as to coconspirator statements is conditionally admitted pursuant to Rules 104(a), (b) and 801(d)(2)(E) of the Federal Rules of Evidence, subject to proof of the conspiracy at trial.

Defendant Clement Messino has raised certain separate issues related to the Granata transactions, which remain to be considered.

### IV. DEFENDANT CLEMENT A. MESSINO'S MOTION TO EXCLUDE EVIDENCE OF "GRANATA TRANSACTIONS"

Defendant Clement Messino has raised a number of objections to the government's intended introduction of the Joseph Granata transactions, referenced above. The court previously ruled that double jeopardy does not bar the introduction of such evidence. (*See* Memorandum Opinion and Order dated December 19, 1994.) Here, however, Clement Messino argues that (1) Rule 16 of the Federal Rules of Criminal Procedure bars introduction of the evidence; and (2) Rules 403 and 404(b) of the Federal Rules of Evidence bar introduction of the evidence.

#### A. Rule 16

Defendant argues that the government violated its Rule 16(a) disclosure obligations and that the proper remedy under Rule 16(d)(2) is exclusion of the evidence.

**2.** The court is aware that defendant has appealed from the presiding judge's denial of his motion to withdraw his plea of guilty to those charges. The strength of this court's observation does not depend on how that development unfolds. This

#### 1. General Rule 16 Concerns

Defendant's argument is that the government only indicated its intention to introduce evidence of the Granata transactions in its October 19, 1994, Supplemental *Santiago* Proffer. Here it is useful to consider Clement Messino's overall position on Rule 16. In another, simultaneously filed motion, defendant argued that there was a Rule 16 violation because disclosure did not occur sixty days before trial. The court, neither finding nor being pointed to authority for such a bright line, denied defendant's motion, having found no discovery violation. On the instant motion, unsurprisingly, defendant's sixty-day rule does not appear, since under such a rule October 19 is plenty of time to meet the scheduled February 6, 1995, trial date (or the trial date set when the motion was filed). Defendant relies on general Rule 16 principles, but under those principles the court finds no violation.

First, Rule 16(a) is about disclosure of what the government has, and defendant has not suggested the government has failed to release its information about the transactions, except as discussed below. Second, as the government argues, its reference to the transactions has not come out of thin air. Defendant argues the government previously flagged only its intention to introduce the tapes, not the transactions themselves. While there is a distinction between the two, given the previous disclosure defendant is hard-pressed to argue he has been blindsided. This is doubly true here since defendant must be at least vaguely familiar with the government's accusations since they formed the basis of a previous indictment to which defendant pleaded guilty (No. 92 CR 69, N.D.Ill.). Not only do these factors point to a finding of no Rule 16 violation, they point to a finding of no prejudice from such a violation, were one found to exist.[2] Finally, as discussed above, as a general matter the government's timing was not objectionable.[3]

court's only point is that defendant is familiar with the allegations.

**3.** It is not possible at this point to rule on whether Granata himself must testify in order to intro-

### 2. *Disclosure Under Rule 16(a)(1)(C), (D).*

The court does want to be clear that it understands the government to be complying fully with Rule 16. Clement Messino specifically noted he had received no Rule 16(a)(1)(C) material (documents and tangible objects) or Rule 16(a)(1)(D) material (reports of examinations and tests) regarding the Granata transactions. The government has no response, but it has previously acknowledged its Rule 16 obligations. The court operates under the assumption that the government is both aware of and in compliance with these two Rule 16 provisions, and that nothing producible under these provisions has been withheld.

### B. *Admissibility Issues*

Pretrial evidentiary rulings can be somewhat unreliable. The context that trial provides can improve the court's vantage point from which it evaluates admissibility issues. Accordingly, the ruling herein is subject to modification at trial.

█ As an initial matter, the court finds the Granata transactions relevant within the definition in Rule 401 of the Federal Rules of Evidence. Defendant's argument against the admission of these transactions is that they are unrelated to the charged conspiracy. As a threshold matter, however, the government will likely be able to connect the transactions to the charged conspiracy. The jury will decide whether the government successfully proved a conspiracy. It is only this court's province to determine whether the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVID. 401.

Defendant argues that the following transcript statement from Clement Messino to Granata, among other statements, undermines the probative value of the Granata transactions:

"... There was a little bit of problem *last weekend.* You know we're having some stuff coming you know it's just delayed that's all but ah, ah I'll get a hold of ya, I'll get a hold of ya when the time is right okay I mean, and right now there ain't nothing. Right now, there probably won't be nothing til the end of the week."

(Defendant Clement Messino's Reply to Government's Consolidated Response to Additional Pretrial Motions at 14 (emphasis added by party).) Defendant argues the transactions cannot be linked to the charged conspiracy because (1) the transactions involved an unindicted third person, and (2) the reference to "last weekend" cannot refer to the arrest of Christopher B. Messino on July 23, 1991, since the taped conversation took place on August 13, 1991. The first objection of course does not necessarily undermine the government's attempt to connect the transactions to the charged conspiracy. For one, the unindicted third person might be an unindicted coconspirator. Even if not, the fact that the defendant is involved with another person does not prevent the government from attempting to establish and argue that the "we" referred to coconspirators in the charged conspiracy. The second objection about the timing likewise fails. Three weekends intervened between Christopher B. Messino's arrest and the conversation. To say that references to problems "last weekend" could not possibly refer to the arrest of Christopher B. Messino would ignore common sense concerning how people talk to each other. It is not as if the two events are months apart. Therefore, perhaps the reference to "last weekend" was a reference to the arrest, but Clement Messino was being imprecise, a normal occurrence.

A ruling on Rule 401 relevance does not resolve the issue of whether the evidence's "probative value is substantially outweighed by the danger of unfair prejudice." FED. R.EVID. 403. The probative value of the evidence is clear, once the Rule 401 relevance issues are resolved—the evidence is of narcotics transactions the government will at-

---

duce the taped conversations as evidence. Defendant asserts the government will need to call Granata as a witness to introduce the tapes, but that cannot be evaluated here. Defendant has

stated in open court his intention to file a motion to require Granata to testify in order to introduce the tapes, which will put the issue before the court.

tempt to connect to the conspiracy. The prejudicial effect, therefore, is hardly "unfair." The evidence is "prejudicial" because it involves a narcotics transaction; but in a narcotics case that is not an unfair situation, that being a natural part of the government's case. There is not a danger, therefore, of the focus of the jury being drawn to an improper basis in the sense contemplated by Rule 403.

Accordingly, Defendant Clement A. Messino's Motion to Exclude Evidence of "Granata Transactions" is denied.

## V. *GOVERNMENT'S NOTICE AND MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE OF THE CHARGED CONSPIRACY*

The government on December 20, 1994, filed a Notice and Motion *in Limine* to Admit Certain Evidence of the Charged Conspiracy. The government seeks to have five categories of evidence admitted as evidence of the charged conduct or facts "inextricably intertwined" to the charged acts, *see United States v. Roberts*, 933 F.2d 517, 520 (7th Cir.1991), or, in the alternative, as "other crimes, wrongs, or acts" evidence under Rule .404(b) of the Federal Rules of Evidence.

### A. *Evidence of Charged Conduct or "Inextricably Intertwined" Facts*

■ "[E]vidence of uncharged criminal activity is not considered 'other crimes' evidence" under FED.R.EVID. 404(b) if it "arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." *Roberts*, 933 F.2d at 520 (citations omitted); *see also United States v. Jackson*, 33 F.3d 866, 873 (7th Cir.1994). The government has five categories of evidence it argues may come in as evidence of the conspiracy or under the *Roberts* rationale: (1) acts· and threats of violence; (2) drug use by government witnesses with certain defendants; (3) evidence of assets and cash; (4) defendants' possession of stolen property; and (5) pre-conspiracy relationships between certain government witnesses

and Clement and Christopher Richard Messino.

As the government notes, this court in another case considered a similar attempt by the government to admit pretrial evidence of inextricably intertwined facts. *See United States v. Alex*, 790 F.Supp. 801, 803 (N.D.Ill. 1992). The court's position in *Alex* was that "[g]enerally speaking, rulings on the admissibility of evidence are properly deferred until trial." Accordingly, this court deferred ruling on the admission of inextricably intertwined facts until trial when the court would "be in a better position to evaluate the proffered evidence in context." *Id.* The government, aware of the court's view on these matters, attempts to distinguish *Alex* by asserting that in that case the evidence concerned prior dealings, whereas here much of the evidence is contemporaneous with the charged conduct. But the underpinning for the court's analysis in *Alex* was not dependent upon the exact kind of inextricably intertwined facts at issue; rather the underpinning was the vastly superior vantage point the court would have to evaluate the evidence at trial. Those concerns show themselves no less in this case than in *Alex,* and so the court here defers ruling on the proffer as regards *Roberts'* issues.

If the evidence is merely evidence of the charged conspiracy, then *Roberts* issues do not arise. It is nonetheless preferable to defer ruling on that issue, as well. The flagged categories are all categories for which prejudicial. effect must be carefully considered. Furthermore,. the government cannot expect to introduce *all* evidence that appears to fit into a *category* of charged conduct. For example, the indictment charges certain defendants "utilized violence and threats of violence to facilitate their distribution of cocaine." That is not to say that any instance of violence the government could uncover would be considered charged conduct. Deferral until trial allows the court to evaluate both the relevance and prejudicial effect of evidence of.the charged conspiracy, as well as any issues of inextricably intertwined facts.

Again as in *Alex,* the court cautions the government, before introducing evidence in

the five flagged categories or similar categories, to make an offer of proof outside the presence of the jury to determine if the evidence is evidence of the charged conspiracy or meets the *Roberts* criteria and to determine whether the danger of unfair prejudice substantially outweighs its probative value, FED.R.EVID. 403.

### B. *Rule 404(b)*

Alternatively, the government seeks admission of the proffered evidence under Rule 404(b) of the Federal Rules of Evidence. One initial consideration here is that on March 4, 1994, in the Government's Consolidated Response to Defendants' Pretrial Motions at 22, the government represented, "The United States herein agrees to give the defendants notice of any FED.R.EVID. 404(b) evidence it intends to use against them 30 days prior to trial, in accordance with the reasonable notice requirements of the rule." Not only the defendants, but also the court relied upon the representation in its disposition of Rule 404(b) motions. *See United States v. Messino,* 855 F.Supp. 955, 965 (N.D.Ill.1994). With a February 6, 1995, trial date in this case, it appears the government's attempt to notice Rule 404(b) evidence is within the agreed time frame. The court notes that, absent good cause shown, it will hold the government to its agreement, on the basis of both Rule 404(b)'s reasonable notice requirement and the court's interest in holding the government to its representations to the defendants and the court.

As far as a ruling on Rule 404(b), the government's primary position is that Rule 404(b) is not necessary to introduce the evidence at trial. Therefore, any 404(b) ruling would border on an advisory discussion. This is even more true here where the government's motion has mentioned broad categories of evidence, with brief descriptions of specific acts. The government's submission does not support a Rule 404(b) ruling.

Accordingly, the Government's Motion *in Limine* to Admit Certain Evidence of the Charged Conspiracy is denied, the court reserving ruling on admission of evidence discussed therein.

## VI. *CROSS-MOTIONS IN LIMINE*

Two defendants have responded to the government's motion *in limine* with motions *in limine* of their own.

### A. *Defendant Thomas Hauck*

Defendant Thomas Hauck has, in response to the government's notice and motion *in limine,* himself moved for the exact opposite result. The court's analysis above applies, and the court defers ruling. Therefore, defendant's motion is denied.

### B. *Defendant Christopher Richard Messino*

Defendant Christopher Richard Messino has filed a motion *in limine* or in the alternative renewed motion for severance. Severance issues are disposed of below, the court here only considering defendant's motion *in limine.*

■ The gist of defendant's motion *in limine* is that allegations of acts of his codefendant Clement Messino are not his acts. The government on a narcotics conspiracy charge must "demonstrate the existence of such an agreement, that the defendants knew of the agreement, and that the defendants intended to join it." *United States v. Williams,* 31 F.3d 522, 525 (7th Cir.1994). Defendant Christopher Richard Messino would have the court adopt a rule that only the acts of an alleged conspirator himself are admissible against that particular conspirator. But the government is able to introduce evidence of the existence of the conspiracy even if that particular evidence does not help prove a particular defendant's intention to join the conspiracy. Of course the government must prove the individual defendant conspired; otherwise the government has made no case against that defendant. And, just as self-evident, the proffered evidence must be evaluated (at trial, as noted above) for its relevancy and prejudicial effect. But the court cannot state categorically that the acts of Clement Messino are per se inadmissible against Christopher Richard Messino for any purpose, or that where they are inadmissible against Christopher Richard

Messino the situation cannot be solved through proper jury instructions.[4]

## VII. MOTIONS FOR SEVERANCE

In response to the government's motion, defendants Christopher Richard Messino, Christopher B. Messino, Paul Messino, and Daniel Shoemaker have moved for severance. Defendant Lawrence Thomas has filed no motion, but has mentioned that he believes severance may be necessary in his case.

The motions are based on Rule 14 of the Federal Rules of Criminal Procedure, which provides that a court finding prejudicial joinder "may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." The court has previously described the standards for granting a Rule 14 severance in *United States v. Messino*, 855 F.Supp. 955, 970–71 (N.D.Ill.1994), and refers to that discussion for background.

■ All motions urge essentially the same points, that highly prejudicial or disparate evidence of acts of various codefendants will unfairly influence the jury as to each defendant. It falls to this court to balance the " 'costs of conducting separate trials and the possible prejudice inherent in a single trial.' " *United States v. Diaz*, 876 F.2d 1344, 1357 (1989) (quoting *United States v. Moya–Gomez*, 860 F.2d 706, 754 (7th Cir. 1988), *cert. denied*, 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989)). Particularly in a conspiracy case, the trial court is to give deference to the public interest in joint trials. *Id.; see also United States v. Donovan*, 24 F.3d 908, 914–15 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 269, 130 L.Ed.2d 187 (1994). Nonetheless, the Seventh Circuit has directed that "[d]enial of a motion for severance may be an abuse of discretion if there is a great disparity of evidence between the

moving defendant and his codefendants." *Moya–Gomez*, 860 F.2d at 765. In *Moya–Gomez* one of the defendants in a narcotics conspiracy case made the same argument made by some defendants here, that "the evidence of a conspiracy involving his codefendants was overwhelming as compared with the relatively slight evidence linking him to the conspiracy," *id.* at 765, and still the court concluded that the trial court's instructions solved any problem presented. The court has carefully considered the effect of prejudicial evidence and disparity of evidence for each moving defendant and concludes that severance is not necessary for any defendant, with proper instructions.

The "relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him." *Id.* The court does not see a problem in this case that jury instructions will not solve. The jury will be instructed upon the concept that the government must consider each defendant separately, and without belief that the jury is capable of following such an instruction no alleged coconspirators could ever be tried together. *See Liefer*, 778 F.2d at 1248. The court finds no special circumstances here warrant severance.

■ Christopher B. Messino also argues the danger of the jury visiting the sins of his father, Christopher Richard Messino, upon him. As far as confusing references to the respective defendants, this is less of a problem than Christopher B. Messino makes it out to be. As long as witnesses and lawyers make clear about whom they are talking, the jury will be able to differentiate between the two individuals. As far as the jury's ability to give fair, independent consideration to Chris, Jr., again the court believes it within

---

4. Defendant Donald Southern, while filing no motion, responds to the government's motion by "pray[ing] that this Court bar any evidence of Donald Southern's alleged involvement in any of the categories enumerated by the government, and that this Court preserve Southern's right to object to any such evidence if and when the government provides notice and proffers evidence involving Southern which may fall into these categories." (Defendant Donald Southern's Response to Government's Motion *in Limine* to Admit Certain Evidence of the Charged Conspiracy at 1–2.) As explained elsewhere in this opinion, the court does not wish to categorically allow *or* bar the evidence discussed by the government. As far as preservation of objections, Southern will be allowed to address the admissibility of evidence, a right he needs no order to preserve.

the jury's capacity to consider each defendant separately, and that within this capacity is the ability, should they find Christopher Richard Messino guilty, to avoid leaping to the conclusion based on family affiliation that Christopher B. Messino is likewise guilty (or vice-versa).

■ Lawrence Thomas argues that he believes he is linked to the conspiracy only through the testimony of government witness George Thorpe. Thomas argues that Thorpe stole a substantial amount of money from Thomas, and therefore lacks credibility to testify against Thomas. Thomas in essence would have this court find on the basis of his brief description of the situation that Thorpe is per se incredible, leaving no evidence linking Thomas to the conspiracy. It falls to the jury to evaluate Thorpe's credibility, and Thomas will have the opportunity to attack the strength of the government's case against him at trial.

■ Daniel Shoemaker and Paul Messino's arguments are based on the prejudicial effect of evidence of acts of other alleged conspirators. Again, as discussed above, neither the effect of certain types of evidence or disparity of evidence warrants severance here. Christopher Richard Messino's prejudice argument likewise fails. In addition to other considerations discussed, evidence of his own violence has been proffered against Christopher Richard Messino, and he for one would be hard-pressed to urge severance based on disparity of evidence.

Accordingly, the court denies Defendant Christopher Richard Messino's Motion in Limine or in the Alternative Renewed Motion for Severance, Defendant Christopher B. Messino's Motion for Severance, Defendant Paul Messino's Motion for Severance, and Defendant Daniel C. Shoemaker's Motion for Rule Severance Based on Prejudicial Joinder.

### CONCLUSION

Defendant Daniel C. Shoemaker's Motion to Reconsider the court's order regarding the government's original *Santiago* proffer is denied. Defendant Daniel C. Shoemaker's Motion to Reconsider this Court's Ruling Deny-ing a Pre-trial Request for a Bill of Particulars, Alternatively Motion to Dismiss the Indictment Based upon Misjoinder is denied. The Government's Supplemental *Santiago* Proffer on the Superseding Indictment is conditionally admitted pursuant to Rules 104(a), (b) and 801(d)(2)(E) of the Federal Rules of Evidence, subject to proof of the conspiracy at trial. Defendant Clement A. Messino's Motion to Exclude Evidence of "Granata Transactions" is denied. The Government's Motion in Limine to Admit Certain Evidence of the Charged Conspiracy is denied, the court reserving ruling on admission of evidence discussed therein. Defendant Thomas Hauck's Motion in Limine Pursuant to Rules 403 and 404(b) to Deny Admission of the Government's Proffered Evidence is denied. Defendant Christopher Richard Messino's Motion in Limine or in the Alternative Renewed Motion for Severance, Defendant Christopher B. Messino's Motion for Severance, Defendant Paul Messino's Motion for Severance, and Defendant Daniel C. Shoemaker's Motion for Rule Severance Based on Prejudicial Joinder are all denied.